Rosemarie W. MARTENS, Plaintiff,

v.

Lylas H. TREMBLE and Urban Van Susteren, Defendants.

No. 78–C–33.

United States District Court,
E. D. Wisconsin.

Dec. 17, 1979.

Rosemarie W. Martens, pro se.

Fulton, Menn & Nehs by Peter S. Nelson, Appleton, Wis., for Tremble.

Urban P. Van Susteren, Appleton, Wis., pro se.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, proceeding pro se, brought this action against seven defendants for damages arising from her commitment to the Outagamie County Health Center. Five of the defendants have previously been dismissed from the action. The case is presently before me on the motion of the defendant Lylas H. Tremble for summary judgment.

The following facts appear to be undisputed. Mr. Tremble is an employee of the Outagamie department of social services. On or about March 20, 1974, an application for judicial inquiry into the mental condition of the plaintiff, Rosemarie Martens, was filed in the Outagamie County court. The application stated with regard to Mrs. Martens

". . . that she appears to have delusions of a paranoid nature. On 3–20–74 she threatened to jump off the Memorial St. Bridge. On 3–7–74 she asked her stepson for a pistol stating that she needed it to settle her husband's estate."

The application was signed by three of the defendants in this case including Mr. Tremble. As a result of this application, on March 20, 1974, the other remaining defendant in this case, Judge Van Susteren signed an order for the temporary detention of Mrs. Martens at the Outagamie Health Center pending an examination and report by physicians regarding her mental condition.

On March 25, 1974, a hearing regarding Mrs. Martens' mental condition was held at the Health Center before Judge Van Susteren. While a number of witnesses testified regarding Mrs. Martens' mental condition, the affidavits submitted on behalf of the defendant Tremble establish that he was not among the witnesses who testified. As a result of the March 25 hearing, Mrs. Martens was detained in the Health Center for an additional period of time and apparently lost custody of her child, at least temporarily.

Mrs. Martens makes the following claim in her complaint:

"False claims and untrue statements and second guessing took children from my care and custody, sent me to jail and then sent me to a mental health center. I was never allowed to speak at anytime on my own behalf nor was I ever given Justice at any time."

In response to the instant motion for summary judgment, Mrs. Martens avers that the allegations made in the application for judicial inquiry which was signed by Mr. Tremble, among others, were false.

■ From the record before me, it appears that the only action Mr. Tremble took with regard to Mrs. Martens was to co-sign the application for a judicial inquiry into her mental condition. Assuming, arguendo, that in signing the application Mr. Tremble acted in the course of his state employment and thus, under color of state law, there is still no basis for liability under the Constitution against him. In signing the application, Mr. Tremble was in essence acting as a witness in a judicial proceeding and as such is entitled to immunity.

In *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978), the Supreme Court stated:

"Absolute immunity is thus necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation."

Similarly, in *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978), the court held:

"For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether perjurious or not. *Brawyer v. Horowitz*, 3 Cir., 1976, 535 F.2d 830, 836–37, holds that this immunity applies in a civil rights action such as this. We agree."

Even if Mrs. Martens' allegations are taken as true, the only claim she has made against Mr. Tremble is that he testified falsely against her in signing the application. Thus, Mr. Tremble's motion for summary judgment will be granted.

■ The only remaining defendant in this action is Judge Van Susteren. The Supreme Court has held that a judge is entitled to absolute immunity unless he has acted in "clear absence of all jurisdiction," even if the action taken by the judge was in error, was done maliciously, or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). In the instant case, all of the allegations regarding Judge Van Susteren

relate to actions he took within the course of his duties as prescribed by the State Mental Health Act, ch. 51 Wis.Stats. Whether the actions Judge Van Susteren took were right or wrong, it is apparent from the record that in taking them he was not acting "in clear absence of all jurisdiction." Accordingly, he is entitled to absolute immunity with regard to the claims against him in this suit, and those claims will be dismissed.

Therefore, IT IS ORDERED that the motion of Lylas H. Tremble for summary judgment be and hereby is granted.

IT IS ALSO ORDERED that the claims against Lylas H. Tremble and Urban Van Susteren be and hereby are dismissed.

IT IS FURTHER ORDERED that this action be and hereby is dismissed.