972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ennis Edward WHITE, Plaintiff-Appellant,
v.
CITY OF TUCSON; Michael Arthur Conto, Vice Unit Detective;
Officer Huff, P.R. 19569; Officer Gilbert, P.R. 25687;
Officer Cook, P.R. 15849; Pima County Jail; Clarence
Dupnik, Sheriff, Pima County; Donna Olson; Steve Robinson,
Vice Unit Detective City of San Diego, CA, Defendants-Appellees.
 No. 90-15485.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.
Decided Aug. 3, 1992.
 
 Before EUGENE A. WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ennis White, pro se, appeals the dismissal of his 42 U.S.C. § 1983 claim against police officers and the City of Tucson. He alleges that the appellees committed perjury during his trial. His claim against the City of Tucson fails because he cannot show that the city has an official policy or custom of encouraging this behavior as section 1983 requires. Monell v. Dept. of Social Servs., 436 U.S. 658, 661 (1978). The police officers, who testified during the course of his trial proceedings, have absolute immunity from civil rights claims for damages because of that testimony. Briscoe v. LaHue, 460 U.S. 325, 341-46 (1983); Blevins v. Ford, 572 F.2d 1336, 1338 (9th Cir.1978). White's claims against Olsen, a private person, fail because he cannot demonstrate that she acted under color of law. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970).
 
 
 3
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3