349 F.Supp. 164 (1972)
James Dale EDWARDS, Plaintiff,
v.
Fred J. VASEL, Major, St. Louis County Police, St. Louis County, Mo., Defendant.
No. 72 C 65(2).
United States District Court, E. D. Missouri, E. D.
April 13, 1972.
*165 James Dale Edwards, pro se.
Merle L. Silverstein, Rosenblum & Goldenhersh, Clayton, Mo., and Edward P. McSweeney, Padberg, Raack, McSweeney & Slater, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
RECAN, District Judge.
This is a pro se action for money damages brought under Section 1983, 42 U.S.C. The complaint alleges that defendant, a St. Louis County police officer, acting under color of state law committed perjury at a habeas corpus hearing held before Judge Meredith and that as a result of the perjury, plaintiff was unsuccessful in obtaining habeas corpus relief.
The issue before Judge Meredith was whether a confession used against plaintiff at his trial for murder was voluntary and not the product of coercion. In ruling this issue adversely to plaintiff (Edwards v. Swenson, D.C.Mo., 327 F. Supp. 303, 305), the Court found, inter alia, that plaintiff was "advised of his constitutional right to remain silent and that anything he said could be used against him and that he had a right to legal counsel." In the present suit, plaintiff charges that defendant's testimony on the basis of which Judge Meredith made his finding is inconsistent with his prior testimony and is therefore perjurious. The alleged inconsistencies were presented to Judge Meredith, and in making his finding the Court obviously resolved the issue of credibility against plaintiff. The denial of the writ of habeas corpus was affirmed by the Court of Appeals, 8 Cir., 454 F.2d 1106.
Defendant has moved to dismiss the complaint on the ground that all of the issues raised have been adjudicated in the habeas corpus action, and in the alternative seeks a summary judgment. Under the facts of record (including those in the habeas corpus action which plaintiff has incorporated by reference in the present complaint), it is apparent that what plaintiff is seeking is to retry the issue of defendant's credibility, an issue which on the same evidence was resolved against him by Judge Meredith. It is also of importance, as the Court of Appeals noted in its opinion, that the trial of plaintiff for murder antedated Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Since Miranda is not to be given retroactive application (Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L. *166 Ed.2d 882), any failure to have given the Miranda warnings would not of itself have invalidated plaintiff's confession. The issue of coercion respecting the confession was directly presented in the habeas corpus proceeding, and as the Court of Appeals held, the evidence amply warranted Judge Meredith's finding that "the confession was voluntarily given and not extracted in contravention of either the Fifth and Sixth Amendments." And we further note that at the trial which resulted in plaintiff's conviction the issue of voluntariness was directly presented and decided against plaintiff. See State v. Edwards, Mo., 435 S.W.2d 1.
Wholly apart from the foregoing, we do not believe that a witness who allegedly testifies falsely does so under color of law, as that term is used in the civil rights statute, whether or not the witness is a police officer. At the habeas corpus hearing held before Judge Meredith defendant testified as a witness. In this respect he was no different than any other witness. True, the matters concerning which defendant testified related to what he had done, heard and observed while performing his duties. However, plaintiff's claim is based not on what defendant did while clothed with his official authority but what transpired thereafter. In order that conduct be under color of state law there must be a misuse of power possessed by defendant by virtue of state law and made possible only because the wrongdoer was clothed with authority of state law. Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492. That is, a person having authority by law must use such authority to deprive another of his guaranteed rights. In testifying, defendant was not using his official authority.
Accordingly, it is hereby ordered that defendant's motion for summary judgment should be and it is hereby sustained and the Clerk is directed to enter judgment in favor of defendant and against plaintiff.