Robert Lee BLEVINS,
Plaintiff-Appellant,

v.

John FORD, III and John Mitchell,
Defendants-Appellees.

Robert Lee BLEVINS,
Plaintiff-Appellant,

v.

John FORD, III and United States of America et al., Defendants,

Phillip Johnson, Defendant-Appellee.

Nos. 77–1154 and 77–2233.

United States Court of Appeals,
Ninth Circuit.

April 3, 1978.

Robert Lee Blevins, in pro. per.

John Ford, San Francisco, Cal., Charles H. Dick, Jr., Asst. U. S. Atty. (argued), San Diego, Cal., David W. Ault (argued), San Diego, Cal., for defendants-appellees.

Before DUNIWAY and ELY, Circuit Judges, and EAST,* District Judge.

DUNIWAY, Circuit Judge:

Blevins appeals from judgments dismissing his complaint against respondent Johnson with prejudice and against respondents Ford and Mitchell without prejudice, in an action alleging deprivation of civil rights. We affirm both judgments.

### FACTS

In 1970 Blevins was tried and convicted in federal court on charges stemming from a scheme to defraud investors in platinum. At trial he was represented by attorney Mitchell and prosecuted by Assistant United States Attorney Johnson. Attorney Ford, a government witness, testified against Blevins.

In 1972, after an unsuccessful appeal, Blevins attacked his conviction collaterally under 28 U.S.C. § 2255, alleging that Ford gave perjured testimony at Blevins' criminal trial. Mitchell and Johnson were called as government witnesses at an evidentiary hearing on the § 2255 motion, and each denied any knowledge of perjured testimony having been presented at Blevins' criminal trial. At that time, Johnson was no longer a government attorney.

Blevins' § 2255 motion was denied, and he then filed this civil action against Ford, Mitchell and Johnson. Predicating liability on 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fifth Amendment to the United States Constitution, Blevins alleged (1) that Ford knowingly and intentionally perjured him-

---

* The Honorable William G. East, Senior United States District Judge from the District of Oregon, sitting by designation.

self at the criminal trial; (2) that Mitchell and Johnson were aware of Ford's perjury and concealed it; (3) that Ford, Mitchell and Johnson conspired to conceal the falsity of Ford's testimony from the court; and (4) that Mitchell and Johnson committed perjury themselves when, at the evidentiary hearing on the § 2255 motion, they denied any knowledge that Ford's testimony was false.

The district court dismissed the complaint against Johnson with prejudice, and against Ford and Mitchell without prejudice. These appeals followed.

## FINALITY OF THE JUDGMENTS

██ The judgment dismissing Blevins' complaint against Johnson is an appealable "final decision" under 28 U.S.C. § 1291 because leave to amend the pleading was expressly denied. *Scott v. Eversole Mortuary,* 9 Cir., 1975, 522 F.2d 1110, 1112; *Mark v. Groff,* 9 Cir., 1975, 521 F.2d 1376, 1379. Appeal also lies from the dismissal of Blevins' complaint against Ford and Mitchell. Although the complaint, as to these defendants, was dismissed "without prejudice," it is "clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make." *Ruby v. Secretary of United States Navy,* 9 Cir., 1966, 365 F.2d 385, 387, *cert. denied,* 1967, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442. We may therefore treat the court's judgment with respect to Ford and Mitchell as final action. *Lanning v. Serwold,* 9 Cir., 1973, 474 F.2d 716, 717 n. 1; *Marshall v. Sawyer,* 9 Cir., 1962, 301 F.2d 639, 643.

## PROPRIETY OF DISMISSALS

██ Blevins' complaint failed to state a claim upon which relief can be granted against any of the defendants under 42 U.S.C. § 1985. While 42 U.S.C. § 1985 reaches private conduct, it does not extend to "all tortious, conspiratorial interferences with the rights of others," but is rather limited in its coverage to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge,* 1971, 403

U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338. *See also, Hahn v. Sargent,* 1 Cir., 1975, 523 F.2d 461, 468–69, *cert. denied,* 1976, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754. No such animus was here alleged, and Blevins does not argue in his brief that it could be alleged. Consequently Blevins' complaint, to the extent that it was based upon 42 U.S.C. § 1985, was properly dismissed with respect to all the defendants.

Blevins suggested at oral argument that he was a layman who suffered discrimination at the hands of a group of attorneys. We are not aware of any case which holds that non-lawyers are a suspect class, however, and Blevins has cited us no authority for this novel proposition. Moreover, the complaint does not charge a conspiracy directed at non-lawyers as a class, but only the specific conduct of three people who are also lawyers, directed at one person who is not a lawyer, but not because he is not a lawyer. *See Arnold v. Tiffany,* 9 Cir., 1973, 487 F.2d 216, 218, *cert. denied,* 1974, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881.

██ Blevins' complaint against Ford was properly dismissed. For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether perjurious or not. *Brawer v. Horowitz,* 3 Cir., 1976, 535 F.2d 830, 836–37, holds that this immunity applies in a civil rights action such as this. We agree.

██ Moreover, Ford's trial testimony was not state action or official conduct. Hence Blevins' complaint against Ford failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983 or the Fifth Amendment. *Bennett v. Passic,* 10 Cir., 1976, 545 F.2d 1260, 1263–64; *Grow v. Fisher,* 7 Cir., 1975, 523 F.2d 875, 879.

██ Mitchell's alleged misconduct at the criminal trial is not actionable under 42 U.S.C. § 1983 or the Fifth Amendment. An attorney's representation of a criminal defendant is not state action or official conduct. *Szijarto v. Legeman,* 9 Cir., 1972, 466 F.2d 864; *Dyer v. Rosenberg,* 9 Cir., 1970,

434 F.2d 648. For his testimony at the § 2255 hearing, Mitchell, like Ford, enjoys absolute witness immunity. *Brawer v. Horowitz, supra.*

 Blevins' complaint against Johnson, to the extent that it was based upon the latter's alleged misconduct at trial, was properly dismissed on grounds of prosecutorial immunity. *Imbler v. Pachtman*, 1976, 424 U.S. 409, 424, 96 S.Ct. 984, 47 L.Ed.2d 128. Johnson also enjoys absolute immunity with respect to his testimony at the § 2255 hearing. It matters not whether Johnson appeared at the hearing as a private citizen, as Blevins says, or in his prosecutorial capacity, as the government maintains. In either event he cannot be subjected to civil liability based upon his testimony. *Brawer v. Horowitz, supra.*

Affirmed.