462 F.Supp. 107 (1978)
Philip D. MYERS, Plaintiff,
v.
Clyde Harold BULL, Defendant.
No. 78-1155 C (2).
United States District Court, E. D. Missouri, E. D.
November 8, 1978.
*108 Philip D. Myers, pro se.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court sua sponte upon examination of plaintiff's pro se complaint filed in forma pauperis in this Court on October 25, 1978.
Plaintiff is currently incarcerated at the Missouri State Penitentiary. In count one of his complaint, plaintiff seeks to state a cause of action under 42 U.S.C. § 1983 which is not barred under the applicable statute of limitations and the res judicata effect of No. 77-1206C(3). Counts two and three of plaintiff's complaint are clearly barred by § 516.130 RSMo 1969, and the decision in Myers v. Bull, 77-1206C(3) (E.D. Mo.1978).
Count one of plaintiff's complaint alleges that defendant, a police officer, knowingly and willfully gave perjured testimony in a deposition taken under oath relating to state criminal charges then pending against Myers.
In a § 1983 suit, the plaintiff must show that the defendant acted "under color of law". Courts in other jurisdictions have concluded that a witness testifying in state court does not act under color of state law for purposes of § 1983. Stambler v. Dillon, 302 F.Supp. 1250, 1255 (S.D.N.Y.1969); Pritt v. Johnson, 264 F.Supp. 167, 170 (M.D. Pa.1967); Smith v. Jennings, 148 F.Supp. 641 (W.D.Mich.1957). It is the nature of the act performed by a state official, not the status of a state official as such, that is determinative of the applicability of § 1983. Warner v. Croft, 406 F.Supp. 717, 721 (W.D. Okla.1975); Edwards v. Vasel, 349 F.Supp. 164, 166 (E.D.Mo.1972), aff'd, 469 F.2d 338 (8th Cir. 1972). In Edwards, supra, it was held that a police officer who committed perjury during a habeas corpus hearing was not acting under color of state law.
Moreover, the party against whom recovery is sought must not be cloaked with immunity. "For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether perjurious or not." Blevins v. Ford, 572 F.2d 1336, 1338 (9th Cir. 1978), quoting from Brawer v. Horowitz, 535 F.2d 830, 836-837 (3rd Cir. 1976).
For the reasons stated above, it is the opinion of this Court that plaintiff's complaint must be dismissed for failure to state a cause of action under 42 U.S.C. § 1983 for which relief can be granted.