**Philip D. MYERS, Appellant,**

**v.**

**Clyde Harold BULL, Appellee.**

**No. 79–1028.**

United States Court of Appeals, Eighth Circuit.

Submitted June 4, 1979.

Decided June 11, 1979.

Philip D. Myers, pro se.

Arthur S. Margulis, Margulis, Drumm & Rapp, St. Louis, Mo., on brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Philip D. Myers appeals from the district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. We affirm.

Appellant, who is presently incarcerated in the Missouri State Penitentiary in Jefferson City, was convicted of robbery in Missouri state court in 1974 and sentenced to twenty-five years imprisonment. On November 14, 1977 he filed a civil rights lawsuit (No. 77–1026–C(3)) against Clyde H. Bull, a former Maplewood, Missouri police officer. Appellant alleged that Bull had given false testimony at his criminal trial and at a pretrial motion to suppress. The district court[1] dismissed the complaint as being barred by the applicable Missouri three-year statute of limitations. Mo.Rev. Stat. § 516.130.[2] On appeal, we vacated the order and remanded the case to the district court for consideration of appellant's argument that the running of the statute of

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Section 516.130, which requires that certain actions be brought within three years, includes the following:

(1) An action against a sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his official capacity and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution or otherwise; . . . . .

limitations was tolled by the operation of Mo.Rev.Stat. § 516.170.[3] *Myers v. Bull,* 578 F.2d 1384, No. 78–1139 (June 7, 1978) (unpublished order). On September 20, 1978 the district court entered an order holding that the statute of limitations was not tolled and again dismissed appellant's complaint. Appellant took no appeal from this order.

On October 25, 1978 appellant filed another civil rights action against Bull (No. 78–1155–C(2)). He realleged the two acts of perjury contained in No. 78–1206–C(3) and also alleged that Bull had committed perjury in a deposition taken sometime before appellant's trial. On November 8, 1978 the district court[4] dismissed the complaint. *Myers v. Bull,* 462 F.Supp. 107 (E.D.Mo. 1978). The court's memorandum opinion said that the two allegations of perjury repeated from No. 77–1206–C(3) were barred by the district court's earlier decision and the statute of limitations and that the new perjury allegation was unpersuasive because: (1) a police officer testifying at a trial is not acting "under color of law"; and (2) witnesses in judicial proceedings are absolutely immune from civil suits. *Id.* at 108. This appeal ensued.

■ Appellant's attempt to resurrect the two claims previously raised in No. 77–1206–C(3) is clearly barred by the res judicata effect of the district court's decision in No. 77–1206–C(3) that the claims were brought outside the period of the applicable statute of limitations. *See Liken v. Shaffer,* 141 F.2d 877, 882 (8th Cir.), *cert. denied,* 323 U.S. 756, 65 S.Ct. 90, 89 L.Ed. 605

(1944); 1B Moore's Federal Practice ¶ 0.409[6] at 1034 and n. 7 (2d ed. 1974). Appellant's failure to appeal the previous decision does not affect the conclusive effect of that judgment. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 26 (1950); *Wilson's Exec'r v. Deen,* 121 U.S. 525, 532, 7 S.Ct. 1004, 30 L.Ed. 980 (1887).

With regard to appellant's third claim, relating to the perjured deposition, there are a number of reasons why the claim was properly dismissed.

*1. Under Color of Law.*

■ In holding that Bull was not acting under color of law, the district court relied on *Edwards v. Vasel,* 349 F.Supp. 164 (E.D. Mo.), *aff'd,* 469 F.2d 338 (8th Cir. 1972), in which we approved the district court's holding that a police officer who testified in plaintiff's habeas corpus hearing was not acting under color of law and was thus not liable to suit under § 1983 based on his allegedly perjurious testimony. We note that other courts which have considered the question have also held that witnesses, including police officers, do not act under color of law when they testify at a judicial proceeding. *See Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir. 1978); *Taylor v. Nichols,* 558 F.2d 561, 564 (10th Cir. 1977); *Bennett v. Passic,* 545 F.2d 1260, 1263–64 (10th Cir. 1976) (police officers); *Grow v. Fisher,* 523 F.2d 875, 879 (7th Cir. 1975); *Smith v. Sinclair,* 424 F.Supp. 1108, 1113 (W.D.Okl. 1976) (police officers); *Stambler v. Dillon,* 302 F.Supp. 1250, 1255 (S.D.N.Y.1969).[5]

---

**3.** Section 516.170 provides:

Except as provided in section 516.105, if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

**4.** The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

**5.** The only case to which we have been referred that is arguably to the contrary is *Hilliard v. Williams,* 516 F.2d 1344 (6th Cir. 1975), *vacated and remanded in part on other grounds,* 424 U.S. 961, 96 S.Ct. 1453, 47 L.Ed.2d 729 (1976), *on remand,* 540 F.2d 220 (6th Cir. 1976). In *Hilliard* the court held a police officer liable under 42 U.S.C. § 1983 for false and misleading testimony given at a criminal trial. The court did not, however, address the question whether the officer was acting under color of law. In any event, *Hilliard* is distinguishable on this

**866**

*2. Witness Immunity.*

The common law rule was that witnesses were absolutely immune from civil suits arising from their testimony in judicial proceedings, even if such testimony was perjurious. *Burke v. Miller,* 580 F.2d 108, 109 (4th Cir. 1978). A majority of courts have held this principle applicable to civil rights actions. *See, e. g., id.* (§ 1983 case); *Blevins v. Ford, supra,* 572 F.2d at 1338 (*Bivens*-type claim);[6] *Brawer v. Horowitz,* 535 F.2d 830, 836–37 (3d Cir. 1976) (*Bivens*-type claim); *Lofland v. Myers,* 442 F.Supp. 955, 959 (S.D.N.Y.1977) (*Bivens*-type claim). *But see Briggs v. Goodwin,* 186 U.S.App. D.C. 179, 194–198, 569 F.2d 10, 25–29 (1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978) (*Bivens*-type claim) (alternative holding).

■ Without engaging in an unduly detailed discussion of the history of the common law rule granting absolute immunity to witnesses, we agree that the majority position is correct and that witnesses should be immune from civil rights suits alleging perjurious testimony. In *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held prosecutors immune from civil rights suits based on acts taken in the course of their duties. In so holding, the Court stressed the need for full disclosure of relevant evidence to the jury and noted that a prosecutor might be reluctant to call witnesses if he would be subject to civil suit based on the allegation that he knew or should have known that they were testifying falsely. *Id.* at 426, 96 S.Ct. 984. A similar rationale would apply to witnesses who might be reluctant to give their version of the case if faced with the possibility of civil suit if their testimony is disbelieved by the trier of fact. In addition, the Court noted that there are already substantial checks on the prosecutor's activity, including prosecution under the crimi-

nal analog of § 1983, 18 U.S.C. § 242. *Id.* at 429, 96 S.Ct. 984. Similarly, witnesses would be liable to criminal prosecution for perjury in most, if not all, jurisdictions. Finally, in a concurring opinion, Justice White, joined by Justices Brennan and Marshall, specifically recognized the witness immunity rule in such a way as to indicate that it is co-extensive with the immunity of other participants at trial—*i. e.,* judges and prosecutors. *Id.* at 439–40, 96 S.Ct. 984.

*3. Failure to State a Claim.*

■ Bull's alleged perjury took place in a deposition given prior to trial. It does not appear that this deposition was ever introduced or referred to in appellant's trial.[7] Therefore, we fail to discern how appellant's rights have been in any way infringed. Absent some showing that the alleged perjurious deposition had some causal relationship to appellant's conviction, he has failed to state a claim upon which relief can be granted. *Cf. Hilliard v. Williams, supra,* 516 F.2d at 1351.

The order of the district court is affirmed.

---

question because the police officer testified falsely at the direction of the prosecuting attorney. No such claim is made in the instant case.

**6.** *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**7.** If the deposition had been introduced at trial, appellant would have known of its existence then, and his claim of perjury in the deposition would suffer the same statute of limitations problems as his claims of perjured testimony at trial and the suppression hearing.