Robert Wayne DECK, Appellant,

v.

Lenzie L. LEFTRIDGE, Jr. and Donald Hager, Appellees.

No. 85–1676.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 6, 1985.

Decided Sept. 3, 1985.

Rehearing Denied Oct. 24, 1985.

Robert Wayne Deck, pro se.

Before ARNOLD, Circuit Judge, HEN-LEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Robert Wayne Deck, a prisoner in Pacific, Missouri, brought this 42 U.S.C. § 1983 action against Public Defenders Lenzie L. Leftridge, Jr. and Donald Hager for allegedly conspiring with judges of the Missouri Court of Appeals to deny him a proper appeal. For relief Deck has asked for damages and to be released from jail pending a new trial or appeal.

<hr>

1. The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.

Deck was charged with murder in 1980 and was represented by counsel, Syler. Deck alleges he pleaded guilty because his attorney could find no witnesses or evidence to assist him in his case.

After Deck pleaded guilty, he allegedly discovered that his attorney had not in fact interviewed any of the witnesses he should have. As a result, Deck filed a Mo.S.Ct.R. 27.26 motion in the Missouri Circuit Court alleging newly discovered evidence which would entitle him to a new trial.

After the circuit court rejected his 26.27 motion, Deck was assigned to be represented by Leftridge, an assistant public defender. (Hager, the other defendant, was the person who made the actual assignment.) Deck instructed Leftridge to interview witnesses, take depositions, obtain and send a transcript to him, and to contact him so that he could instruct Leftridge as to the specific points he wished to raise on appeal.

Leftridge allegedly did not follow the instructions and in fact did not visit Deck as he said he would, failed to interview people and purposely did not raise points on appeal that Deck had asked be raised. Furthermore, when the Missouri Court of Appeals rejected the appeal Leftridge failed to file a timely motion for rehearing or transfer to the Missouri Supreme Court as he told Deck he would do.

Because Leftridge had failed to perform in what Deck perceives to be an adequate manner, Deck alleges that Leftridge, Hager and the Missouri Court of Appeals judges conspired to deny him effective assistance of counsel.

The district court[1] dismissed the complaint, holding that public defenders do not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding citing *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). As to the conspiracy claim, the court con-

cluded that Deck failed to allege facts to support an inference of conspiracy.

 We conclude that the district court judgment should be affirmed. Allegations that a public defender has conspired with judges to deprive an inmate of federally protected rights may state a claim under § 1983. *Tower v. Glover,* —— U.S. ——, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984). However, allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a "meeting of the minds." *Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983); *see White v. Bloom,* 621 ·F.2d 276, 281 (8th Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 533, 66 L.Ed.2d 292 (1980). To be sufficiently specific:

> [t]he factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous. [Citation omitted.] Appellants must at least allege that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding," and provide some facts "suggesting such a 'meeting of the minds.'" [Citation omitted.]

*Smith v. Bacon,* 699 F.2d at 436.

 Deck alleges that the public defender rendered ineffective assistance of counsel, that he informed the Missouri Court of Appeals of this fact, and that the failure of the Missouri Court of Appeals judges to take action to correct the misconduct proves that those judges conspired with the public defender to deprive him of effective assistance of counsel. However, these allegations fall short factually of suggesting any mutual understanding or "meeting of the minds" in any conspiracy to deprive Deck of constitutional rights.

Appellant has filed a pro se brief and also requested appointment of counsel. However, the appeal is entirely without merit and the questions presented do not require further consideration.

Accordingly, the motion for appointment of counsel is overruled and the judgment of the district court is summarily affirmed. *See* 8th Cir.R. 12(a).