Joseph A. BATES, Plaintiff,

v.

NEW YORK CITY TRANSIT AUTHORITY, William Corkran and William E. Rosa, Defendants.

No. 89 Civ. 429.

United States District Court,
E.D. New York.

Sept. 26, 1989.

Frank J. Livoti, Mineola, N.Y. for plaintiff.

Albert C. Cosenza, Brooklyn, N.Y. for defendants, New York City Transit Authority and William E. Rosa; Steve S. Efron, of counsel.

Kliegerman & Friess, New York City, for defendant, William Corkran; Rosemary Carroll, of counsel.

## DECISION AND ORDER

BARTELS, District Judge.

Plaintiff Joseph Bates brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants, New York City Transit Authority, William Corkran, and William E. Rosa, deprived him of rights guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. He seeks compensatory damages from the defendants and punitive damages from Corkran and Rosa. Plaintiff also asserts a state common law claim sounding in fraud.

### Facts

The facts alleged in the complaint and supporting affidavits, accepted for purposes of this motion, are as follows: On January 23, 1984 plaintiff Bates was arrested by defendant transit police officer William Corkran while on a subway operated by defendant New York City Transit Authority ("NYCTA") and charged with grand larceny in the third degree, resisting arrest, and jostling. Plaintiff was taken to the police station, booked, photographed, fingerprinted, and held in a cell for approximately 3½ hours. Plaintiff commenced an

action against Corkran and NYCTA in the Supreme Court of New York, County of Kings alleging unlawful arrest. William Rosa was the attorney for the defendants in the state suit and is a defendant in this suit. Corkran testified at an examination before trial on September 21, 1985, that, the arrest was lawful. On March 3, 1986 the parties entered a settlement for $10,000 and plaintiff executed a release in the defendants' favor. However, there does not seem to be a stipulation of discontinuance signed by the attorneys of record for all parties and filed with the Supreme Court of New York.

On November 28, 1987, after the settlement was entered, plaintiff learned from television and newspaper coverage that defendant Corkran had been removed from anti-crime duty in 1984 as a result of a pattern of unlawful arrests. Plaintiff later learned that in November of 1983, two months *before* plaintiff was arrested, the New York City District Attorney brought to the attention of the local command irregularities in Corkran's arrest record. On July 9, 1984, the Internal Affairs Unit of the NYCTA issued a report saying it had investigated arrests made by Corkran and three other officers from April 1983 through March 1984 (including plaintiff's arrest) and determined that:

> Wrongful arrests did occur. The subject officers did swear falsely as to the circumstances of arrests. No conscientious effort was made upon first notification, to review or correct the situation ... the four subject officers committed a "breech [sic] of faith" against the public, which impugned the integrity of the Department and the Criminal Justice system.

After learning of the Internal Report and of Corkran's history of false arrests, plaintiff instituted this action in Federal Court against Corkran, the NYCTA, and attorney Rosa alleging that the acts of the defendants deprived him of his civil rights in violation of Title 42 United States Code Sections 1983 and 1988 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He claims that the defendants knew or should have known of the report of the Internal Affairs Unit prior to Corkran's examination before trial and therefore should have known that Corkran testified falsely and that plaintiff was innocent. Plaintiff alleges that Corkran's perjury and the other defendants' ratification of his conduct induced him to settle for $10,000 and that therefore this settlement was fraudulently obtained.

## Discussion

An action under § 1983 does not lie (a) when the acts of a state officer are not under the color of state law; (b) when there is immunity of witnesses at trial; and (c) when the common law due process is available in the state court to set aside the settlement by reason of fraud.

### I

The relevant portion of § 1983, Civil action for deprivation of rights, reads as follows:

> Every person who, under color of any statute, ordinance, of any State, ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to determine if the plaintiff has stated a claim for which relief can be granted under 42 U.S.C. § 1983, the Court first turns its attention to the central question of whether the defendants actions or omissions were under color of state law.

The gravamen of this complaint is that the plaintiff was fraudulently induced into a settlement of his civil suit against Corkran and the NYCTA because of false statements made by Corkran at an examination before trial. Plaintiff further alleges that Rosa knowingly participated in the introduction of false and perjured testimony and that the NYCTA "authorized, tolerated as institutional practices, and ratified the misconduct ...". (Complaint p. 7). Finally, plaintiff alleges that the defendants were engaged in a conspiracy designed to

deprive him of his rights guaranteed under the constitution and laws of the United States.

■ The cases clearly state that not all acts of a state official are under color of state law. It is the nature of the act performed by the state official, and not merely his status as a state official, that determines whether his act is under the color of state law. *Phillips v. Rockefeller*, 321 F.Supp. 516 (E.D.N.Y.1970), *aff'd on other grounds*, 435 F.2d 976 (2d Cir.1970); *Myers v. Bull*, 462 F.Supp. 107, 108 (E.D. Mo.1978); *Warner v. Croft*, 406 F.Supp. 717, 721 (W.D.Okla.1975); *Edwards v. Vasel*, 349 F.Supp. 164, 166 (E.D.Mo.1972), *aff'd*, 469 F.2d 338 (8th Cir.1972). In order that conduct be under color of state law there must be a misuse of power possessed by defendant by virtue of state law and made possible only because the wrongdoer was clothed with authority of state law. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ Plaintiff's claim is not based on what Corkran did while clothed with his official authority as a transit police officer, but rather on actions that occurred while he was testifying at an examination before trial in a civil suit. A witness testifying in state court does not act under color of state law for purposes of 42 U.S.C. § 1983. *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir.1978) (attorney who gave perjured testimony at criminal trial was not acting under color of state law); *Bennett v. Passic*, 545 F.2d 1260, 1263–1264 (10th Cir.1976) (sheriff and other defendants who testified at criminal trial were not acting under color of state law); *Myers*, 462 F.Supp. at 108 (police officer who knowingly and willfully gave perjured testimony in a deposition under oath was not acting under color of state law); *Edwards*, 349 F.Supp. at 166 (police officer who offered perjured testimony at a habeas corpus hearing was not acting under color of state law). Clearly, Corkran was not cloaked in the garments of his official authority when he testified under oath at a judicial proceeding and therefore was not acting under color of state law.

■ Defendant Corkran enjoys immunity from suit on another basis. "[T]he party against whom recovery is sought must not be cloaked with immunity. 'For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based upon their words, whether perjurious or not.' " *Myers*, 462 F.Supp. at 108 (*quoting Brawer v. Horowitz*, 535 F.2d 830, 836–837 (3rd Cir.1976)).

■ The NYCTA is in a different class than the other defendants in that the plaintiff must demonstrate that a policy to deprive citizens of their rights by means of fraud at litigation exists. The Supreme Court has held that a municipality or any other local government is only liable under § 1983 where the alleged unconstitutional action stems from governmental custom or is pursuant to a policy statement, ordinance, regulation or decision officially adopted or promulgated by the body's officers. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694–695, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). Bates alleges that the NYCTA "tolerated as institutional practices, and ratified the misconduct ..." [introduction of false and perjured testimony at an examination before trial]. (Complaint at p. 7). The plaintiff has not supported this allegation. His bald allegations are insufficient to demonstrate that the NYCTA, an agency of the municipal government, either explicitly or implicitly, through policy or custom, encouraged or condoned this kind of behavior.

Furthermore, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). The plaintiff has not provided this Court with sufficient detail regarding the alleged fraud to satisfy this standard.

■ Rosa is brought into this action by reason of a conspiracy allegation made by the plaintiff. Plaintiff alleges that defendants Rosa and NYCTA were engaged in a conspiracy, along with Corkran, to give false testimony at the examination before

trial. In order to support his claim of conspiracy under § 1983 the plaintiff must do more than make conclusory allegations that there was an agreement under color of state law. *Grow v. Fisher,* 523 F.2d 875 (7th Cir.1975). "It is incumbent upon him to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Powell v. Workmen's Compensation Board of the State of New York,* 327 F.2d 131, 137 (2d Cir.1964). The plaintiff has not met his burden of proof in this regard as the complaint does no more than charge participation in a conspiracy in the most general terms.

▪ Furthermore, the fact that Rosa is an officer of the court (by virtue of his being an attorney), does not support the allegation that his actions are under color of state law. The Court notes that attorneys who participate in the trial of private state litigation are not acting under color of state law for purposes of § 1983. *Meier v. State Farm Mutual Automobile Insurance Co.,* 356 F.2d 504, 505 (7th Cir.1966); *Stambler v. Dillon,* 302 F.Supp. 1250, 1255 (S.D.N.Y.1969). Plaintiff Bates alleges that defendant Rosa's presence at the examination before trial subjects him to liability under 42 U.S.C. § 1983. For all intents and purposes, Rosa was acting as a private citizen and not a state officer at the examination before trial.

For the reasons stated above the Court finds that the defendants' actions were not under color of state law and the plaintiff has failed to state a cause of action for which relief can be granted under 42 U.S.C. § 1983.

## II

In addition to the above jurisdictional defects, there is another important and conclusory reason why plaintiff may not bring an action under § 1983. Plaintiff's failure to demonstrate that he has suffered a deprivation of property without due process prevents him from relying on § 1983.

▪ In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court dealt with "the correct manner in which to analyze claims such as the present one which allege facts that are commonly thought to state a claim for a common law tort normally dealt with by state courts, but instead are couched in terms of a constitutional deprivation and' relief is sought under § 1983." *Id.* at 533, 101 S.Ct. at 1911–12. There are three prerequisites of a tenable due process claim: 1) the defendant's actions or omissions were under color of state law; 2) the claim must fall within the definition of property; and 3) the loss must have amounted to a deprivation. *Id.* at 536, 101 S.Ct. at 1913. "Standing alone, however, these three elements do not establish a violation of the Fourteenth Amendment. Nothing in that Amendment protects against all deprivations of property by the State. The Fourteenth Amendment protects only against deprivations 'without due process of law'." *Id.* at 537, 101 S.Ct. at 1914 (*quoting Baker v. McCollan,* 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1978)).

▪ If the state provides an adequate alternative remedy the loss of property is not without due process of law. The existence of the alternative remedy supplies the "due process" and there is no "deprivation" of a property interest by the state. *Id.* at 543–44, 101 S.Ct. at 1916–17.

▪ As noted earlier, the gravamen of plaintiff's complaint is fraud in inducing him to settle. Under New York law, one who has entered into a settlement based on a fraudulent misrepresentation may bring an action in state court either to rescind the settlement agreement, or ratify it and sue for damages. *Slotkin v. Citizens Casualty Company of New York,* 614 F.2d 301, 312 (2d Cir.1979), *cert. denied,* 449 U.S. 981, 101 S.Ct. 395, 66 L.Ed.2d 243 (1980). (plaintiff entitled to rescind settlement agreement or ratify it and sue for damages where defendants in medical malpractice action misrepresented amount of insurance coverage and plaintiff entered into settlement agreement before they learned of true extent of coverage). In this instance the state provides the plaintiff an adequate alternative remedy regarding his fraud

claim. Therefore, his loss of property is not without "due process". *See, Parratt v. Taylor,* 451 U.S. at 543–544, 101 S.Ct. at 1916–17.

Lastly, the facts clearly show no action under the Fourth, Fifth, Sixth or Eighth Amendments to the United States Constitution.

### CONCLUSION

The Court dismisses the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983 for which relief can be granted.

SO ORDERED.