780 F.Supp. 639 (1991)
Denver O'DELL, Plaintiff,
v.
Coleman McSPADDEN, et al., Defendants.
No. S90-0143C.
United States District Court, E.D. Missouri, Southeastern Division.
November 26, 1991.
*640 Denver O'Dell, pro se.
John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, Mo., for Pewitt.
Gerald L. Meyr, Stephen E. Walsh, Summers, Walsh, Pritchett & Blaich, Poplar Bluff, Mo., for Cotrell and Montgomery.

*641 MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights by engaging in a conspiracy regarding his second-degree felony murder conviction for the shooting death of his wife, Ruth O'Dell. Although Ruth O'Dell was shot by another man, Calvin Eugene Pyatt, the incident took place during O'Dell's attempted second-degree assault on Pyatt. The events are recited by the Missouri Court of Appeals in affirming O'Dell's conviction, State v. O'Dell, 684 S.W.2d 453 (Mo.Ct.App.1984), cert. denied, 488 U.S. 930, 109 S.Ct. 319, 102 L.Ed.2d 337 (1988) and by the Eighth Circuit Court of Appeals in affirming the denial of O'Dell's petition for a writ of habeas corpus under 28 U.S.C. § 2254, O'Dell v. Armontrout, 878 F.2d 1076 (8th Cir.1989).
Plaintiff brought an earlier suit pursuant to 42 U.S.C. §§ 1983 and 1985 and challenged the validity of his state court conviction. O'Dell v. Smith, S85-238C. In that case, he alleged a conspiracy among a number of persons involved in his criminal trial, including the prosecuting attorney, a trial witness, the county sheriff and the defense attorney who represented him at trial. This Court granted the motions to dismiss and for summary judgment of the defendants, and the Eighth Circuit Court of Appeals affirmed. O'Dell v. Smith, 815 F.2d 710 (8th Cir.1987).
In this action, plaintiff purports that he is not attacking his state court conviction. He alleges, however, that the defendants conspired to suppress and falsify evidence regarding the "real killer" of Ruth O'Dell. His theory is that Johnny Pyatt shot Ruth O'Dell instead of or in addition to Calvin Eugene Pyatt and that certain medical records, which defendants allegedly concealed, would have revealed that. The claims in this lawsuit presumably relate to protections guaranteed by the 5th and 6th Amendments as incorporated in the Due Process Clause of the Fourteenth Amendment.[1]
Plaintiff names as defendants: Coleman McSpadden, Carter County coroner; Dennis McSpadden, Carter County deputy coroner; Charles Pewitt, Reynolds County coroner; Gary H. Terando, plaintiff's criminal defense attorney; Larry Cottrell, Butler County coroner; and Paul Montgomery, Butler County commissioner. All of the defendants have filed motions to dismiss or for summary judgment to which plaintiff has filed responses. This matter is before the Court on the various motions of the parties.[2]
As a preliminary matter, the Court must note that § 1983 may not be used to mount a collateral attack on a plaintiff's criminal conviction. See, e.g., Scruggs v. Moellering, 870 F.2d 376, 378-79 (7th Cir.) cert. denied, 493 U.S. 956, 110 S.Ct. 371, 107 L.Ed.2d 357 (1989). Although plaintiff seeks only damages, his lawsuit amounts to an attack on his criminal conviction and is not cognizable under § 1983. Further, each of the motions to dismiss or for summary judgment has additional support. The Court will consider each in turn.

PLAINTIFF'S MOTION FOR RECONSIDERATION
Plaintiff moves for reconsideration of this Court's order of April 15, 1991 dismissing *642 defendants Coleman McSpadden and Dennis McSpadden. Plaintiff alleges Coleman McSpadden acted as coroner and that Dennis McSpadden acted as deputy coroner of Carter County[3] and that they suppressed evidence, conducted a bogus inquest, provided a false death certificate and gave false testimony at trial.
Plaintiff has failed to state a claim. First, plaintiff raised these issues in his 27.26 motion to the state court and plaintiff is collaterally estopped from relitigating them here. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (citing Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). A state court decision may have a preclusive effect on a federal suit. Allen, 449 U.S. at 95, 101 S.Ct. at 415. The doctrine of collateral estoppel applies to a § 1983 suit. Allen, 449 U.S. at 105, 101 S.Ct. at 420-21.
In his decision on plaintiff's 27.26 motion in state court, the Hon. Judge James R. Hall considered these issues and found that plaintiff "failed to show that an improper inquest occurred, that a false cause of death was put on Ruth O'Dell's death certificate, that any misconduct by local officials occurred, or that any of the aforementioned in this sentence could constitute grounds upon which relief could be granted." O'Dell v. Missouri, No. CV187-183CC, slip op. at 8 (Butler County Ct., Mo., April 9, 1991). The state court also found that "[t]here was no conspiracy to cover up the cause of death of Ruth O'Dell." O'Dell v. Missouri, No. CV187-183CC, slip op. at 7 (Butler County Ct., Mo., April 9, 1991).
Further, both Coleman McSpadden and Dennis McSpadden are absolutely immune for their testimony. Briscoe v. La Hue, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1982); Bates v. New York City Transit Authority, 721 F.Supp. 1577, 1580 (E.D.N.Y.1989).
For the foregoing reasons, plaintiff's motion to reconsider will be denied.

DEFENDANT TERANDO'S MOTION TO DISMISS
Defendant Gary H. Terando, plaintiff's criminal defense attorney, moves to dismiss for failure to state a claim upon which relief can be granted. Plaintiff alleges that Terando conspired to cover up the "real murderer" of Ruth O'Dell.
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.
*643 Plaintiff's claim against Terando is that he conspired with the other defendants to supply a false cause of death of Ruth O'Dell and "cover up for the actual murderer." He asserts that Terando did not attend the inquest of O'Dell and allowed the coroners to give false testimony about the cause of death. He also alleges that Terando conspired with the jury commissioner, Paul Montgomery to deny him a fair trial. Acts of defense counsel in performing "traditional functions as counsel to a defendant to a criminal proceeding" are not acts "under color of state law" as contemplated in § 1983. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453-54, 70 L.Ed.2d 509 (1981). However, allegations that a defense attorney has conspired with state officials states a cause of action under that statute. Tower v. Glover, 467 U.S. 914, 920, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984).
Nonetheless, plaintiff has failed to state a claim. First, plaintiff's claim is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); see also Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982). The doctrine of res judicata bars a later suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same cause of action; and (4) both suits involved the same parties or their privies. Lovell v. Mixon, 719 F.2d 1373, 1376 (8th Cir.1983).
Plaintiff previously filed suit against Terando in O'Dell v. Smith, No. S85-0238C(D). In that case, Terando's motion for summary judgment was granted except with regard to plaintiff's claim that plaintiff conspired with the prosecuting attorney, Bradshaw Smith. That claim was dismissed without prejudice with leave to file a more specific complaint within fifteen days. Plaintiff failed to comply with the Order and the case was closed. Plaintiff appealed and the Eighth Circuit Court of Appeals affirmed. O'Dell v. Smith, 815 F.2d 710 (8th Cir.1987).
All the requirements for claim preclusion are met. The first suit resulted in a judgment on the merits and was based on proper jurisdiction. Both suits involved the same parties: plaintiff and Terando. Both suits involve the same cause of action: an allegation that Terando conspired to deprive plaintiff of his constitutional rights in connection with his criminal trial. The Court concludes that plaintiff is barred from bringing suit against Terando by the doctrine of res judicata.
Further, plaintiff's claim is barred by the doctrine of collateral estoppel. Plaintiff raised these issues in his 27.26 motion to the state court. He claimed that he was denied effective assistance of counsel, because Terando failed to investigate or present evidence of the cause of death of Ruth O'Dell. He claimed that his counsel should have conducted investigations and introduced medical records to indicate from where the fatal shot came in an attempt to show that it was fired by Johnny Pyatt. "Terando testified that he did not seek and present ballistic or forensic evidence, because evidence that Johnny Pyatt (who was on the left side of [O'Dell's] car) shot Ruth O'Dell, instead of or in addition to Calvin Eugene Pyatt (who was on the right side of [O'Dell's] car), would not have provided [O'Dell] with a defense." O'Dell v. Missouri, No. CV187-183CC, slip op. at 4 (Butler County Ct., Mo., April 9, 1991).
The court also found that plaintiff "failed to show that an improper inquest occurred, that a false cause of death was put on Ruth O'Dell's death certificate, that any misconduct by local officials occurred, or that any of the aforementioned in this sentence could constitute grounds upon which relief could be granted. [Plaintiff] has not shown that his counsel had a duty to attend the inquest, or that he was prejudiced by the absence of his counsel from the inquest. Indeed, no Sixth Amendment right to counsel had attached at the time of the coroner's inquest." O'Dell v. Missouri, No. CV187-183CC, slip op. at 8 (Butler *644 County Ct., Mo., April 9, 1991). The state court also found that "[t]here was no conspiracy to cover up the cause of death of Ruth O'Dell." O'Dell v. Missouri, No. CV187-183CC, slip op. at 7 (Butler County Ct., Mo., April 9, 1991).
Finally, plaintiff's allegations are insufficient to suggest a conspiracy with Paul Montgomery or any other defendant. Conspiracy allegations must contain "sufficient specificity and factual support to suggest a `meeting of the minds.'" Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir.1985) (per curiam) (citations omitted). "It is incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Bates, 721 F.Supp. at 1581. The plaintiff has not met his burden of proof in this regard as the complaint does no more than charge participation in a conspiracy in the most general terms.
For the foregoing reasons, defendant Terando's motion to dismiss will be granted.

DEFENDANT LARRY COTTRELL'S MOTION TO DISMISS
Defendant Larry Cottrell, coroner of Butler County, also moves to dismiss. Plaintiff alleges that defendant Cottrell failed to perform an independent investigation into the cause of death of Ruth O'Dell and that he engaged in a conspiracy to falsify her death certificate.
Plaintiff has failed to state a claim. First, the state court considered these issues with regard to plaintiff's 27.26 motion and plaintiff is collaterally estopped from relitigating them here. The state court found that plaintiff "failed to show that an improper inquest occurred, that a false cause of death was put on Ruth O'Dell's death certificate, that any misconduct by local officials occurred, or that any of the aforementioned in this sentence could constitute grounds upon which relief could be granted." O'Dell v. Missouri, No. CV187-183CC, slip op. at 8 (Butler County Ct., Mo., April 9, 1991). The state court also found that "[t]here was no conspiracy to cover up the cause of death of Ruth O'Dell." O'Dell v. Missouri, No. CV187-183CC, slip op. at 7 (Butler County Ct., Mo., April 9, 1991).
Second, plaintiff's allegations are insufficient to suggest a conspiracy. Conspiracy allegations must contain "sufficient specificity and factual support to suggest a `meeting of the minds.'" Deck, 771 F.2d at 1170. "It is incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Bates, 721 F.Supp. at 1581. The plaintiff has not met his burden of proof in this regard as the complaint does no more than charge participation in a conspiracy in the most general terms.
For the foregoing reasons, defendant Cottrell's motion to dismiss will be granted.

DEFENDANT MONTGOMERY'S MOTION FOR SUMMARY JUDGMENT
Defendant Paul Montgomery, Butler County commissioner, moves for summary judgment. Plaintiff alleges that defendant Montgomery used his influence to impanel a jury biased against him.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the *645 moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
Paul Montgomery was elected to the office of Butler County commissioner on November 1, 1982 and sworn into office on January 3, 1983. County commissioners make up part of the jury commission, which has the responsibility of assembling juries. In November 1982, before Montgomery was sworn in, the commission compiled a petit jury list, from which the jury was selected for plaintiff's criminal trial. Plaintiff was tried for felony murder in Butler County in February 1983 on a change of venue from Carter County, where the shootings took place.
Plaintiff alleges that defendant Montgomery used his influence to include on the jury certain jurors who were biased against him. Included with the motion for summary judgment of defendant Montgomery is an affidavit from John Dunivan, clerk of the Butler County Commission. Dunivan states that Montgomery was sworn in as county commissioner on January 3, 1983 and before that date he had no role in the selection of jurors or prospective jurors for jury panels for jury trials in Butler County. In his affidavit, Paul Montgomery states that he had nothing to do with the selection of any individuals who made up the jury panel from which jurors were selected to hear plaintiff's criminal trial and that he did not influence or otherwise participate in the selection of any prospective jurors for use in plaintiff's trial.
In response to defendant's motion, plaintiff failed to meet his burden to set forth specific facts showing that there is sufficient evidence in his favor to allow a jury to return a verdict for him. He has alleged no facts to show that Montgomery actually participated in the selection of the jury in any way. Plaintiff merely sets forth facts to support why he believes Montgomery is biased against him. This is insufficient to survive a motion for summary judgment.
Further, plaintiff's allegations are insufficient to suggest a conspiracy with Paul Montgomery or any other defendant. Conspiracy allegations must contain "sufficient specificity and factual support to suggest a `meeting of the minds.'" Deck, 771 F.2d at 1170. "It is incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Bates, 721 F.Supp. at 1581. The plaintiff has not met his burden of proof in this regard as the complaint does no more than charge participation in a conspiracy in the most general terms.
For the foregoing reasons, defendant Montgomery's motion for summary judgment will be granted.

DEFENDANT PEWITT'S MOTION TO DISMISS
Defendant Charles Pewitt, coroner of Reynolds County, also moves to dismiss. *646 Plaintiff alleges that defendant Pewitt conspired with the other defendants to file with the local registrar a death certificate for Ruth O'Dell stating a false cause of death.
Plaintiff has failed to state a claim. First, the state court considered these issues with regard to plaintiff's 27.26 motion and plaintiff is collaterally estopped from relitigating them here. The state court found that plaintiff "failed to show that an improper inquest occurred, that a false cause of death was put on Ruth O'Dell's death certificate, that any misconduct by local officials occurred, or that any of the aforementioned in this sentence could constitute grounds upon which relief could be granted." O'Dell v. Missouri, No. CV187-183CC, slip op. at 8 (Butler County Ct., Mo., April 9, 1991). The state court also found that "[t]here was no conspiracy to cover up the cause of death of Ruth O'Dell." O'Dell v. Missouri, No. CV187-183CC, slip op. at 7 (Butler County Ct., Mo., April 9, 1991).
Second, plaintiff's allegations are insufficient to suggest a conspiracy. Again, conspiracy allegations must contain "sufficient specificity and factual support to suggest a `meeting of the minds.'" Deck, 771 F.2d at 1170. "It is incumbent upon [plaintiff] to allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Bates, 721 F.Supp. at 1581. The plaintiff has not met his burden of proof in this regard as the complaint does no more than charge participation in a conspiracy in the most general terms.
For the foregoing reasons, defendant Pewitt's motion to dismiss will be granted.
Accordingly, this action will be dismissed and all other motions will be denied as moot.
NOTES
[1] Plaintiff does not contend that the defendants' alleged conspiracy against him rested on an impermissible class-based animus. United Brotherhood of Carpenters and Joiners of America Local 610, AFL-CIO v. Scott, 463 U.S. 825, 834-49, 103 S.Ct. 3352, 3359-67, 77 L.Ed.2d 1049 (1983). Therefore, he has failed to state a claim pursuant to 42 U.S.C. § 1985(3).
[2] In addition to the motions to dismiss and for summary judgment, also before the Court are plaintiff's motion that the court rule on defendant's motion for a more definite statement, plaintiff's motion to compel discovery, plaintiff's motion for clarification, defendants Coleman McSpadden and Dennis McSpadden's motion for protective order, defendant Pewitt's motion for protective order, and plaintiff's motion for leave to file a second set of interrogatories.
[3] The shootings occurred in Carter County. Plaintiff was tried in Butler County on a change of venue.