# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3998

_____

Louis Charles Hamilton, II,           *
                                      *
                 Appellant,           *
                                      *   Appeal from the United States
        v.                            *   District Court for the
                                      *   District of North Dakota
Wold Johnson Law Firm,                *
                                      *        [UNPUBLISHED]
                 Appellee.            *

_____

Submitted:  April 26, 2002

Filed:  May 10, 2002

_____

Before McMILLIAN, BOWMAN, and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

Louis Charles Hamilton, II, appeals from the final judgment entered in the District Court[1] for the District of North Dakota, granting summary judgment for defendant Wold Johnson Law Firm in Hamilton's 42 U.S.C. § 1983 and state-law action. Hamilton served a prison sentence after he entered an Alford[2] plea to a charge

_____

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

[2]North Carolina v. Alford, 400 U.S. 25 (1970).

of terrorizing.  In the instant complaint, Hamilton claimed that one of defendant's attorneys--Hamilton's former criminal defense attorney, a contract public defender named Mark Beauchene--violated his constitutional rights and committed legal malpractice by conducting the victim's deposition outside his presence and ignoring his written instructions on what to do in the criminal case.  For reversal, Hamilton argues that the district court erred in granting summary judgment without granting his numerous discovery requests, and that the court's grant of summary judgment was substantively erroneous.  For the reasons discussed below, we affirm the judgment of the district court.

We need not consider Hamilton's arguments relating to the denial of his discovery requests, as he did not appeal the magistrate judge's[3] orders denying these requests.  See Fed. R. Civ. P. 72(a) (party may object to magistrate's nondispositive order within 10 days, or forfeit objection).  We find, moreover, that the district court did not abuse its discretion in determining the claims were ripe for summary judgment.  See Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997).

We review de novo the district court's grant of summary judgment, including its interpretation of state law.  See Adams ex rel. Harris v. Boy Scouts of Am.-Chickasaw Council, 271 F.3d 769, 775 (8th Cir. 2001); Kunferman v. Ford Motor Co., 112 F.3d 962, 965 (8th Cir. 1997).  Having carefully reviewed the record before the district court, we agree with the court that Hamilton's § 1983 and state-law claims failed.  Hamilton could not state a § 1983 claim against the Wold Johnson Law Firm unless Wold Johnson Attorney Beauchene conspired with state actors.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law for purposes of § 1983 when performing traditional functions as counsel to defendant in criminal proceedings); Deck v. Leftridge, 771 F.2d 1168,

_____

[3]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota.

1170 (8th Cir. 1985) (per curiam) (public defender is not immune from § 1983 liability if attorney conspired with other state actors to violate plaintiff's constitutional rights). Hamilton, however, failed to submit evidence that there was any conspiracy to violate his constitutional rights. As for his legal-malpractice claim, Hamilton failed to submit evidence (beyond his conclusory allegations) showing that if Beauchene had followed his instructions, and had refused to accept the prosecutor's condition that the victim be deposed without Hamilton being present, the criminal proceeding would have terminated more favorably to him. See Dan Nelson Constr., Inc. v. Nodland & Dickson, 608 N.W.2d 267, 271 (N.D. 2000) (when it is alleged that attorney negligently failed to perform some act on behalf of client, plaintiff must allege and prove performance of act would have benefitted client).

Accordingly, we affirm. We deny Hamilton's motion to amend his complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-