974 F.Supp. 751 (1997)
CHICAGO TRUCK DRIVERS, HELPERS and WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, et al., Plaintiffs,
v.
BROTHERHOOD LABOR LEASING, MFI Leasing Company, Falls City Industries, Inc., Middlewest Freightways, Inc., Defendants and Counterclaim Plaintiffs,
v.
CHICAGO TRUCK DRIVERS, HELPERS, AND WAREHOUSE WORKERS UNION, (INDEPENDENT) PENSION FUND, et al., Counterclaim Defendants.
No. 4:93 CV 2376 DDN.
United States District Court, E.D. Missouri, Eastern Division.
June 25, 1997.
*752 *753 Nelson L. Mitten, Riezman and Blitz, St. Louis, MO, David S. Allen, Joseph M. Burns, Jacobs and Burns, Chicago, IL, for Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund, George Ossey, Tony Cullotta, John Broderick and William H. Carpenter.
Terrance J. Good, Vice-President, Lashly and Baer, St. Louis, MO, Matthew B. Moore, Howard D. Lay, Brian H. Schmidt, Dysart and Taylor, Kansas City, MO, Leonard R. Kofkin, Chicago, IL, Steven J. Teplinsky, Donald J. Vogel, Mary Elizabeth Gardner, Fagel and Haber, Chicago, IL, for Brotherhood Labor Leasing, MFI Leasing CO., Falls City Industries, Inc. and Middlewest Freightways, Inc.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court upon the motions of the plaintiffs to alter or amend the judgment (Doc. No. 157) and for attorney's fees (Doc. No. 166), and upon the motion of the defendants for reconsideration of the judgment and order (Doc. No. 158). The parties have consented to the exercise of authority by a United States Magistrate Judge under 28 U.S.C. § 636(c)(3).
On December 4, 1996, the Court filed its Memorandum opinion and issued summary judgment in favor of the plaintiffs. Chicago Truck Drivers. etc. v. Brotherhood Labor Leasing, 950 F.Supp. 1454 (E.D.Mo.1996). Plaintiffs brought this action against defendants for the collection of withdrawal liability under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. § 1381 et seq. In their amended complaint plaintiffs sought the recovery of withdrawal liability of $455,719.00, payable in 36 quarterly installments, damages resulting from the failure to make the installment payments, plus liquidated damages, attorneys' fees, and costs.
Ultimately, the Court entered summary judgment requiring the defendants to begin making interim payments to plaintiffs of the withdrawal liability of Be-Mac Transport Company, Inc., demanded by the plaintiffs in their amended demand. The relevant facts are set out in the Court's opinion, cited above.

I.
Plaintiffs have moved for an amendment of the judgment to require defendants to pay past due interim payments from the date of the plaintiffs' original notice and demand, plus interest and liquidated damages, plus prospective relief in the form of the remainder of the interim payments scheduled on the plaintiffs' amended notice and demand.
A motion to alter or amend a judgment is committed to the discretion of the trial court. Slater v. KFC Corp., 621 F.2d 932, 939 (8th Cir.1980). The Court agrees that plaintiff's are entitled to the amendment of the judgment they seek. Under the MPPAA, withdrawal liability must be paid in accordance with the schedule set forth by the plan sponsor, notwithstanding any dispute the liable party has with the amount of the liability or the schedule. 29 U.S.C. § 1399(c)(2). These payments must continue until an arbitrator adjusts the payment requirement. 29 U.S.C. § 1401(d). The failure to make such payments subjects the liable party to responsibility for the unpaid contributions, interest thereon, liquidated damages,[1] reasonable attorneys' fees, the costs of required litigation, and equitable relief. 29 U.S.C. § 1132(g)(2).
In support of their motion, plaintiffs have submitted the affidavit of Phyllis Gabriel, the plaintiff Fund's office supervisor and custodian of the records of all withdrawal liability assessments issued by the plaintiff Pension Fund to employers who withdraw from the Fund. Gabriel states in her affidavit that on February 11, 1993, the Fund's original statutory notice and demand for withdrawal liability *754 was received by Be-Mac Transport Company. A revised notice and demand was received by Be-Mac on October 14, 1995. The revised notice asserted withdrawal liability in the total amount of $455,719.00, payable in 36 quarterly installments of $17,834.00 each, plus a final payment of $1,300.25, beginning March 1, 1993. As of December 18, 1996, 16 of the 37 payments have not been made and $285,344.00 is owed in withdrawal liability. The interest owed through December 18, 1996, is $44,740.01, with daily interest accruing thereafter at the rate of $64.50 per day. Further, Gabriel computes the liquidated damages to which plaintiffs are entitled to be in the sum of $57,068.80, which is 20% of the delinquent withdrawal liability of $285,344.00.
In response to the plaintiffs' motion to amend the judgment, defendants argue that the Court should not award plaintiffs the money judgment they seek, because defendants dispute the judgment of liability against them and the amount of any withdrawal liability. This argument is without merit. The Court agrees that the MPPAA requires the defendants to make the interim payments, subject to adjustment or recoupment in the event of subsequent vindication. See Trustees of the Chicago Truck Drivers. etc. v. Leaseway Trans. Corp., 76 F.3d 824, 827 (7th Cir.1996); Trustees of the Chicago Truck Drivers. etc. v. Central Transport. Inc., 935 F.2d 114, 118 (7th Cir.1991). Defendants have not contested the accuracy of the schedule of interim payments, interest calculation, and liquidated damages computed by plaintiffs' affiant Gabriel.
The Court has carefully considered the arguments made by the defendants in their motion for reconsideration of the judgment and finds them to be without merit.

II.
Plaintiffs have moved for an award of attorneys fees in the amount of $409,511.75, plus costs and expenses in the amount of $28,497.22.
The fact that plaintiffs succeeded on any significant issue in the litigation which caused the award of relief sought entitles them to the award of reasonable attorneys' fees. See 29 U.S.C. § 1132(g)(2)(D); Central States Pension Fund v. Joe McClelland. Inc., 23 F.3d 1256, 1259 (7th Cir.1994). The first step in determining a reasonable fee is the establishing of a lodestar figure by multiplying the number of hours reasonably expended on the action by a reasonable hourly fee. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986); Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543-44, 79 L.Ed.2d 891 (1984); Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).
The awarded number of hours must be reasonable in light of the nature of the issues litigated, the period of time between the commencement of the action and the entry of judgment, and the adversary postures of the parties. Premachandra v. Mitts, 727 F.2d 717, 733 (8th Cir.1984), rev'd on other grounds, 753 F.2d 635 (8th Cir.1985) (en banc). Relevant fee rate factors include the rates usually charged by the billing counsel and the relevant attorney market which may extend beyond the local geographical community. Blum, 465 U.S. at 895, 104 S.Ct. at 1547; Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir.1993), cert. denied, 513 U.S. 932, 115 S.Ct. 325, 130 L.Ed.2d 285 (1994); Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir. 1992). The loadstar amount "'is presumed to be the reasonable fee' to which counsel is entitled." Pennsylvania, 478 U.S. at 564, 106 S.Ct. at 3098.
In this action plaintiffs seek attorneys' and paralegal fees as follows:
(a) $210.00 per hour for 1,656.90 hours performed by the following attorneys of the law firm of Jacobs, Burns, Sugarman, Orlove & Stanton: partners David S. Allen, Joseph M. Burns, Charles Orlove, and Robert S. Sugarman; and associate attorney Thomas J. Angell;
(b) $50.00 per hour for 161 hours performed by paralegals Catherine White and Emmitt Gallagher;
(c) $30,032.50 in total fees for the Riezman & Blitz, P.C., law firm;
*755 (d) $9,678.00 in total fees for the Blake & Uhlig, P.A., law firm;
(e) $2,240.00 in total fees for the Schuchat, Cook & Werner law firm;
(f) $5,713.75 in total fees for the Watson & Marshall, L.C., law firm;
(g) $259.50 in total fees for Elizabeth Roberto, Esq.;
(h) $324.00 in total fees for W. Eric Venable, Esq.; and
(i) $200.00 per hour for 69.75 hours expended by Mark V. Webber, Esq., for a total of $13,950.00; plus $225.00 in total fees for Sergio A. Carano, Esq.; plus $175.00 in paralegal services.
In response to plaintiffs' fee and expense claims, defendants argue first that this judicial action was unnecessary, because of the nature of the claims made and the reduction of claims occasioned by the amended complaint. This argument is without merit. Defendants resisted the plaintiffs' claims substantially on legal grounds; ultimately the Court ruled these grounds against the defendants.
Defendants next argue that the Court should leave the awarding of fees to the arbitrator. This, of course, is contrary to the plain meaning of 29 U.S.C. § 1132(g)(2) ("the court shall award the plan  ... reasonable attorney's fees and costs of the action, to be paid by the defendant").
Defendants, although not asserting that plaintiffs' calculations are inaccurate, have objected to the claims because they include $2,544.50 as sanctions imposed against plaintiffs' counsel by the United States District Court for the Western District of Missouri, when this action was before that court. In response, plaintiffs' counsel does not gainsay that the amount was paid for that purpose. This Court agrees that the sanctions paid by plaintiffs' counsel should not be compensated by defendants. Further, this Court agrees that the 5.60 hours expended by plaintiffs' counsel in that court defending against the asserted sanctions should not be compensated here. Plaintiffs' approved fees will be appropriately reduced.
Defendants also argue that plaintiffs should not recover attorneys' fees at the claimed rate, but at the substantially lower rate at which plaintiffs have compensated their counsel. As set forth above, the appropriate rates must be reasonable, considering all of the relevant circumstances, including the relevant attorney market and the rate usually charged by the billing counsel, to plaintiffs and to other clients. Casey v. City of Cabool, 12 F.3d 799, 805 (8th Cir.1993), cert. denied, 513 U.S. 932, 115 S.Ct. 325, 130 L.Ed.2d 285 (1994); Barrow v. Falck, 977 F.2d 1100, 1105 (7th Cir.1992). Plaintiffs with Chicago counsel, prosecuted this action in Kansas City and St. Louis, Missouri, and in Ohio. The Court believes that the relevant attorney market includes all such areas, from which competent counsel were retained by the plaintiffs.
Having considered the specific arguments of plaintiffs and defendants, the Court finds that the reasonable amounts of time expended by the claimants, and the reasonable rates for those hours, results in awards as follows:
(a) $185.00 per hour for 1,651.30 hours performed by the law firm of Jacobs, Burns, Sugarman, Orlove & Stanton, less $2,544.50, for a total of $305,490.50;
(b) $50.00 per hour for 161 hours performed by paralegals Catherine White and Emmitt Gallagher, for a total of $8,050.00;
(c) $30,032.50 in total fees for the Riezman & Blitz, P.C., law firm;
(d) $9,678.00 in total fees for the Blake & Uhlig, P.A., law firm;
(e) $2,240.00 in total fees for the Schuchat, Cook & Werner law firm;
(f) $5,713.75 in total fees for the Watson & Marshall, L.C., law firm;
(g) $259.50 in total fees for Elizabeth Roberto, Esq.;
(h) $324.00 in total fees for W. Eric Venable, Esq.; and
(i) $185.00 per hour for 69.75 hours expended by Mark V. Webber, Esq., for a total fee of $12,903.75; plus $225.00 in total fees for Sergio A. Carano; plus $175.00 in paralegal services. Therefore, the Court finds *756 plaintiffs' reasonable attorneys' fees to be in the total sum of $375,092.00.
Plaintiffs also seek the recovery of a total of $28,497.22, as costs and expenses in this litigation, including $5,265.74 for computerized legal research. The Court believes that the costs of computerized legal research are not recoverable as separate expenses; they are overhead components of the attorney's fee. Winter v. Cerro Gordo County Cons. Bd., 925 F.2d 1069, 1074 (8th Cir.1991); Leftwich v. Harris-Stowe State College, 702 F.2d 686, 695 (8th Cir.1983). Therefore, plaintiffs shall recover $23,231.48 in their costs and expenses.
An appropriate Amended Judgment is filed herewith.

AMENDED JUDGMENT
In accordance with the Memorandum filed December 4, 1996, and the Memorandum filed herewith,
IT IS HEREBY ORDERED that the motion of the plaintiffs to compel discovery from attorney-witnesses Taylor and Helt (Doc. No. 119) is denied as moot;
IT IS FURTHER ORDERED that the motion of plaintiffs to correct a deposition transcript (Doc. No. 120) is sustained;
IT IS FURTHER ORDERED that the motion of plaintiffs to dismiss the proposed state law counterclaims (Doc. No. 129) is sustained;
IT IS FURTHER ORDERED that the motion of plaintiffs to dismiss the proposed RICO counterclaim (Doc. No. 133) is sustained;
IT IS FURTHER ORDERED that the motion of the defendants for leave to amend their counterclaims (Doc. No. 136) is denied;
IT IS FURTHER ORDERED that the motion of the defendants for summary judgment is denied;
IT IS FURTHER ORDERED that the motion of the defendants for reconsideration of the judgment (Doc. No. 158) is denied.
IT IS FURTHER ORDERED that the motions of the plaintiffs for summary judgment and to alter or amend the Judgment entered on December 4, 1996, (Doc. No. 157) are sustained as follows: Plaintiffs Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund, George Ossey, Jack Stewart, John Broderick, and William H. Carpenter, the present Trustees of the Pension Fund, shall have and recover from defendants Brotherhood Labor Leasing, MFI Leasing Company, Falls City Industries, Inc., and Middlewest Freightways, Inc., the following sums:
(a) $285,344.00 as principal delinquent withdrawal liability due through December 18, 1996;
(b) plus $44,740.01 as interest on the principal amount through December 18, 1996;
(c) plus $35,668.00 as principal delinquent withdrawal liability from December 18, 1996, through the date of this Amended Judgment;
(d) plus $57,068.80 as liquidated damages;
(e) plus daily prejudgment interest of $64.50 per each day between December 18, 1996, and the date of this Amended Judgment;
(f) plus the following installments of withdrawal liability to be paid in the future on the following dates:
(1) $17,834.00 on August 1, 1997;
(2) $17,834.00 on November 1, 1997;
(3) $17,834.00 on February 1, 1998;
(4) $17,834.00 on May 1, 1998;
(5) $17,834.00 on August 1, 1998;
(6) $17,834.00 on November 1, 1998;
(7) $17,834.00 on February 1, 1999;
(8) $17,834.00 on May 1, 1999;
(9) $17,834.00 on August 1, 1999;
(10) $17,834.00 on November 1, 1999;
(11) $17,834.00 on February 1, 2000;
(12) $17,834.00 on May 1, 2000;
(13) $17,834.00 on August 1, 2000;
(14) $17,834.00 on November 1, 2000;
(15) $17,834.00 on February 1, 2001;
(16) $17,834.00 on May 1, 2001;
(17) $17,834.00 on August 1, 2001;
(18) $17,834.00 on November 1, 2001;

*757 (19) $17,834.00 on February 1, 2002;
(20) $17,834.00 on May 1, 2002;
(21) $17,834.00 on August 1, 2002;
(22) $17,834.00 on November 1, 2002; and
(23) $ 1,300.25 on February 1, 2003.
IT IS FURTHER ORDERED that the motion of the plaintiffs for an award of attorneys' fees and expenses (Doc. No. 166) is sustained, in that defendants shall pay to the plaintiffs reasonable attorneys' fees in the total sum of $375,092.00, plus expenses in the amount of $23,231.48, plus the costs of the action.
NOTES
[1] Liquidated damages are to be awarded as the greater of either the interest payable on each delinquent withdrawal liability installment or 20% of the delinquent withdrawal liability. See 29 U.S.C. § 1132(g)(2)(C).