# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2004

_____

Chicago Truck Drivers, Helpers &    *
Warehouse Workers Union Pension    *
Fund, a pension trust; George Ossey;    *
Tony Cullotta; John Broderick;    *
William H. Carpenter, the present    *
trustees,    *
   *
       Plaintiffs - Appellants,    *
   *
     v.    *
   *
Brotherhood Labor Leasing, a    *
Missouri corporation; MFI Leasing    *
Company, a Missouri corporation;    *    Appeal from the United States
Falls City Industries, Inc., a Kentucky    *    District Court for the
corporation; Middlewest Freightways,    *    Eastern District of Missouri.
Inc., a Missouri corporation,    *
   *
       Defendants,    *
   *
Steven M. Gula,    *
   *
       Movant,    *
   *
Howard D. Lay; Patrick J. Kaine; Brian    *
Schmidt; Dysart, Taylor, Lay, Cotter &    *
McMonigle, P.C.,    *
   *
       Appellees.    *

_____

Submitted: January 12, 1999
Filed:   February 1, 1999

_____

Before BOWMAN, Chief Judge, MURPHY, Circuit Judge, and ALSOP,[1] District
    Judge.

_____

BOWMAN, Chief Judge.

The Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund and its trustees (collectively, the Fund), plaintiffs in the underlying case, appeal from the post-judgment order of the District Court[2] denying their motion for sanctions against the law firm of Dysart Taylor Lay Cotter & McMonigle and three individual attorneys who represented the defendants in the underlying case. The Fund filed its motion pursuant to Rule 11 of the Federal Rules of Civil Procedure seeking sanctions for "defense counsel's manipulation of the judicial system." Brief of Appellants at xv. We remand to the District Court, but we retain jurisdiction of the appeal.

In the litigation for which sanctions are sought, the Fund claimed that Brotherhood Labor Leasing and the other defendants owed withdrawal liability payments to the Fund according to the provisions of ERISA.[3] The District Court

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting with the consent of the parties pursuant to 28 U.S.C. § 636(c) (1994 & Supp. II 1996).

[3]Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified as amended at 29 U.S.C. §§ 1001-1461 (1994 & Supp. II 1996), and in scattered sections of the United State Code).

granted the Fund's motion for summary judgment on its claim.  We affirmed in an unpublished per curiam opinion on March 18, 1998.  See Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, 141 F.3d 1167 (8th Cir. 1998) (table).  The Fund filed a motion for Rule 11 sanctions in June 1997; the District Court denied the motion on March 25, 1998, in a one-page order.  The text of the order in its entirety reads as follows:

> After carefully considering the motion of the plaintiffs for sanctions under Rule 11, Federal Rules of Civil Procedure, and the papers related thereto,
> **IT IS HEREBY ORDERED** that the motion of plaintiffs for sanctions under Federal Rule of Civil Procedure 11 (Doc. No. 176) is denied.

We review the denial of Rule 11 sanctions for abuse of discretion.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).  The court's order in this case, however, leaves us in the dark as to why the court believed that sanctions should be denied.  Without some explanation, even a brief one, of the court's reasoning, it is very difficult to determine, through our independent scouring of the record, whether or not the court's denial of sanctions was an abuse of its discretion.

Accordingly, we remand to the District Court.  See id. at 402 ("Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.").  We retain jurisdiction of the appeal.  Within sixty days, the District Court shall certify to this Court its findings and conclusions supporting the decision to deny the Fund's motion for Rule 11 sanctions.  We will then decide the merits of the appeal.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.