38 F.Supp.2d 788 (1999)
CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) PENSION FUND, et al., Plaintiffs,
v.
BROTHERHOOD OF LABOR LEASING, MFI Leasing Company, Falls City Industries, Inc., Middlewest Freightways, Inc., Defendants and Counterclaim Plaintiffs,
v.
Chicago Truck Drivers, Helpers, and Warehouse Workers Union (Independent) Pension Fund, et al., Counterclaim Defendants.
No. 4:93CV 2376 DDN.
United States District Court, E.D. Missouri, Eastern Division.
February 17, 1999.
*789 Nelson L. Mitten, Riezman & Blitz, P.C., Clayton, MO, David S. Allen, Joseph M. Burns, Jacobs and Burns, Chicago, IL, for Chicago Truck Drivers Helpers & Warehouse Workers Union Pension Fund, plaintiff.
David S. Allen, Joseph M. Burns, Jacobs and Burns, Chicago, IL, for George Ossey, Tony Cullotta, John Broderick, William H. Carpenter, plaintiffs.
Terrance J. Good, Vice-President, Lashly and Baer, St. Louis, MO, Peter G. Bender, St. Louis, MO, Mary Elizabeth Gardner, Fagel and Haber, Chicago, IL, Leonard R. Kofkin, Steven J. Teplinsky, Donald J. Vogel, Sara L. Thomas, Michael and Best, Chicago, IL, for Brotherhood Labor Leasing, MFI Leasing Co., defendants.
Terrance J. Good, Vice-President, Lashly and Baer, St. Louis, MO, Peter G. Bender, St. Louis, MO, for Falls City Industries, Inc., Middlewest Freightways, Inc., defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the court upon remand from the United States Court of Appeals for the Eighth Circuit which, on February 1, 1999, ordered the court to certify to the Court of Appeals, within 60 days, its findings and conclusions supporting its decision to deny the motion (Doc. No. 176) of the plaintiffs, filed on June 18, 1997, for sanctions under Federal Rule of Civil Procedure 11. See Chicago Truck Drivers, Helpers & Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing, 166 F.3d 1269 (8th Cir.1999). This memorandum opinion is in response to the order of the Court of Appeals.
On June 25, 1997, the court issued an amended judgment for defendants to pay *790 plaintiffs monetary damages, attorneys fees, and costs. Chicago Truck Drivers, etc. v. Brotherhood Labor Leasing, et al., 974 F.Supp. 751 (E.D.Mo.1997). The judgment was founded upon the court's determination that defendants were liable to plaintiffs for withdrawal liability under the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381 et seq., which amended the Employee Retirement Income Security Act of 1974. See Chicago Truck Drivers etc. v. Brotherhood Labor Leasing, et al., 950 F.Supp. 1454 (E.D.Mo. 1996), aff'd, 141 F.3d 1167 (8th Cir.1998).
Plaintiffs commenced this judicial action on March 25, 1993, in the United States District Court for the Northern District of Illinois demanding periodic payments totaling $962,523.00. In their answers, defendants denied withdrawal liability, alleging they were not in common control with the employer, Be-Mac Transport Company, Inc. (Be-Mac). See Answer filed May 10, 1993. Over plaintiffs' objections the action was transferred to this court. By motion filed November 15, 1993, plaintiffs sought leave to file their first amended complaint. In their amended complaint, which was filed on April 20, 1994, plaintiffs continued to seek judgment of withdrawal liability in the total amount of $962,523.
In the instant motion under Fed. R.Civ.P. 11 plaintiffs seek monetary and disciplinary sanctions against defense counsel Howard D. Lay, Brian Schmidt, Patrick J. Kaine, Terrance Good and the law firms of Dysart, Taylor, Lay Cotter & McMonigle, P.C., formerly known as Dysart, Taylor, Penner, Lay & Lewandowski, P.C., and Lashley & Baer, P.C. On August 4, 1997, plaintiffs withdrew their motion for sanctions as to defense attorney Terrence Good and the Lashly & Baer, P.C., law firm.
The instant motion incorporated and energized three dormant motions for Rule 11 sanctions which had been served upon defendants' counsel on March 28, 1994; November 8, 1995; and January 20, 1996, following the refusal by defendants' counsel to withdraw defendants' original motion for summary judgment, their second motion for summary judgment, their state law counterclaims, and their motion for reconsideration of portions of the court's ruling on the motions for summary judgment, respectively.

a. Defendants' first motion for summary judgment.
On February 25, 1994, defendants moved for summary judgment on the ground that they were not liable for Be-Mac's withdrawal liability, because they were not part of the controlled group with Be-Mac for several reasons. These reasons were that the owners of defendants never became owners of Be-Mac. They argued they never received actual possession of the stock certificates of Be-Mac, because the bank creditor of U.S. Truck, the owner of Be-Mac would not transfer the stock certificates; that U.S. Truck made material misrepresentations to the defendants' owners about the debts of Be-Mac (by not disclosing approximately $2,000,000 in debt before the sale closing date); that the United States District Court for the Western District of Missouri issued a judgment, albeit by default, rescinding the sale agreement by which Be-Mac was to be sold to defendants' owners; and that, after the rescission judgment was entered, defendants notified plaintiffs of the rescission judgment and plaintiffs took no action to have it set aside. Thus, defendants argued that their owners never became shareholders of Be-Mac.
On March 28, 1994, plaintiffs served on defendants their proposed motion for sanctions under Rule 11. The basis for the Rule 11 motion was defendants' assertion that the default judgment of rescission established that defendants were not under common control with Be-Mac. Plaintiffs alleged that defendants' counsel had represented to the Western District of Missouri during the rescission suit hearing that a rescission judgment would not bind anyone *791 other than U.S. Truck.[1] Therefore, plaintiffs argued that the motion for summary judgment was being offered for an improper purpose and was not supported by existing law or a good faith argument for the extension or creation of new law.
On April 20, 1994, before they responded to the motion for summary judgment, plaintiffs filed their first amended complaint and again alleged that Be-Mac's total withdrawal liability was $962,523. On April 26, 1994, plaintiffs sought leave to conduct more discovery about, among other issues, whether defendants were legally entitled to seek rescission of the stock purchase agreement, before responding to the motion for summary judgment.
On December 28, 1994, District Judge Charles A. Shaw denied the motion of defendants for summary judgment without written opinion.
Effective December 1, 1993, Federal Rule of Civil Procedure 11 provides in relevant part:
(b) Representations to Court. By presenting to the court ... a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, 
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
See Fed.R.Civ.P. 11(b) (1993).
Plaintiffs argue that defendants asserted the rescission judgment for an improper purpose and without the support of existing law or a good faith argument for the extension or creation of new law. Given the fact that plaintiffs initially asserted liability against defendants for nearly $1 million, the undersigned believes that defendants' attempts to avoid the withdrawal liability were not for an improper purpose. Nor was defendants' factual position without some legal support.
In their memorandum filed in support of the motion for summary judgment, defendants cited Pension Benefit Guaranty Corp. v. Dickens, 719 F.2d 146 (6th Cir. 1983), and Central Transport, Inc. v. Central States, Southeast and Southwest Area Pension Fund, 640 F.Supp. 56 (E.D.Tenn. 1986). Those cases involved the failure of conditions precedent to sale transactions which rendered ineffectual apparent stock sale transactions. Defendants also cited Celotex Corp. v. Edwards, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); and O'Dell v. McSpadden, 780 F.Supp. 639 (E.D.Mo.1991), for the application of claim and issue preclusion.
Ultimately, on December 4, 1996, this court distinguished the facts of Dickens and Central Transport and the holdings of Edwards, Montana, and O'Dell and held that they did not support defendants' arguments. *792 Chicago Truck Drivers etc., 950 F.Supp. at 1470-1471. The court did not hold that defendants' assertion of the rescission judgment was frivolous. The court further stated
plaintiffs' arguments that the rescission judgment may be disregarded because the evidence plaintiffs offered in that action was not entirely accurate and that that suit was a transaction for avoiding or evading withdrawal liability ... are irrelevant. Whether or not Be-Mac Acquisition Company and thereafter Messrs. Gula, Ferguson, and Behrens were the legal owners of the Be-Mac stock is not dispositive of this action. The interest in the Be-Mac stock acquired by Acquisition, which was at least an equitable interest, and which was thereafter acquired by Gula, Ferguson, and Behrens, is a sufficient basis for concluding that Be-Mac entered the controlled group with the defendants.
Id. at 1471.
Plaintiffs' disparagement under Rule 11 of defendants' counsel's brief, oral assertion before the Western District of Missouri, that a rescission judgment would bind only the parties in that case, is without merit.
For these reasons, the subject motion of plaintiffs for Rule 11 sanctions was and is without merit.

b. Defendants' second motion for summary judgment.
On September 8, 1995, after Judge Shaw denied the defendants' first motion for summary judgment without an opinion, defendants filed their second motion for summary judgment. This motion asserted the same grounds as the first motion and was being filed because the court had previously not ruled the merits of defendants' position, which plaintiffs did not gainsay in their responsive memorandum. For the reasons set forth above with respect to the first motion for summary judgment, the plaintiffs are not entitled to Rule 11 sanctions for the defendants' second motion for summary judgment.

c. Defendants' state law counterclaim.
On November 16, 1995, plaintiffs filed their second amended complaint, wherein they reduced their demand from a total withdrawal liability of $962,523 to $455,719. In response to this change in demand, on November 28, 1995, defendants filed counterclaims based upon asserted improprieties arising out of the erroneous, excessive demand by plaintiffs in their first two complaints in this action. Plaintiffs moved to dismiss these counterclaims. On January 19, 1996, in response to the motion to dismiss the counterclaims, defendants moved to amend their counterclaims. The court summarily granted the plaintiffs' motion to dismiss and considered their merits as a matter of law in ruling the defendants' motion for leave to amend. See 950 F.Supp. at 1458-61.
Plaintiffs' current motion for Rule 11 sanctions refers only to the state law counterclaims for negligence, breach of fiduciary duty, and prima facie tort, which were originally filed by defendants. Except for additional factual allegations in the proposed amended counterclaims, the proposed amended state law counterclaims were the same as those originally filed. Plaintiffs did not apply their motion for Rule 11 sanctions to defendants' federal counterclaim for relief under the Racketeering Influenced and Corrupt Organizations Act.
Plaintiffs argued that the state law counterclaims were preempted by federal law and failed to state a cause of action upon which relief could be granted. The court determined that these counterclaims related to the operation of the plaintiff Fund and were per force preempted from federal judicial vindication by ERISA, 29 U.S.C. § 1144(a). See 950 F.Supp. at 1460.
In one respect, however, defendants came close to properly asserting the state law counterclaims in this action. Defendants sought to invoke federal common law *793 for an appropriate remedy under 29 U.S.C. § 1451. The court determined that, although § 1451 could apply to plaintiffs' determination that defendants were legally obligated to pay withdrawal liability, the counterclaims asserted that the plaintiffs wrongfully determined the original amount of the withdrawal liability. Id. at 1460-61. In this respect, the defendants had available another federal process for litigating the counterclaims, arbitration under 29 U.S.C. § 1401(a)(1). Id. at 1461.
In this context, the undersigned did not believe the state law counterclaims were entirely without legal support for the purposes of Rule 11.

d. Defendants' motion for reconsideration.
On December 18, 1996, defendants moved for reconsideration of several aspects of the court's determination of the pending motions for summary judgment in its December 4, 1996, memorandum opinion, 950 F.Supp. 1454. In particular, defendants took issue with any finding that it was undisputed that the creditor bank ultimately released the Be-Mac stock and with the court's consideration of the legal effect of the rescission judgment. On June 25, 1997, this motion was summarily denied. In their Memorandum in Opposition to the motion for reconsideration, filed December 30, 1996, plaintiffs counter defendants' arguments. Specifically, at page 7 of their memorandum, plaintiffs argue that, even if defendants are light about any failure to transfer the Be-Mac stock under Missouri law, this court properly held that defendants were responsible for the withdrawal liability under federal law.
The undersigned is appreciative when a party in good faith points out a putative error the court may have made when making a specific finding or conclusion, regardless of whether the finding or conclusion is ultimately decided to be erroneous or correct. Such opportunities to revisit specific issues are usually rare, but can be especially valuable in fact intensive decisions such as this case. It was not unlawful for defendants to ask the court to revisit areas of cardinal dispute. Defendants' counsel did not violate Rule 11 by the arguments made in their motion for reconsideration, even though the motion was ultimately held to be without merit and was overruled.
The Clerk is directed to transmit this Memorandum to the United States Court of Appeals for the Eighth Circuit, with copies to all counsel.
NOTES
[1] See Trans. of Proceedings in United States District Court for the Western District of Missouri on February 4, 1994, Motion Exh. A-1, filed June 18, 1997, at pp. 11-12 (regarding the court's concern about no representative of the creditor bank or of the bankruptcy estate of Be-Mac being present, defendants' counsel stated, "It [(a default rescission judgment)] would not bind anybody that is not a party.").